29 C.C.P.A. (Patents)

## In re YOUNG.

No. 4598.

Patent Appeals.

Court of Customs and Patent Appeals.
March 23, 1942.

A. S. Krotz, of Rockton, Ill. (Bryant & Lowry and Theodore K. Bryant, all of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Primary Examiner, rejecting claims 16 and 17 as unpatentable, in view of the prior art, in an application relating to an alleged invention of a heat exchanger for supercharging. Appellant's device is especially adapted for airplanes and the like for cooling the air after it leaves the supercharger and before it reaches the carburetor.

Claim 16 is illustrative of the two claims involved and reads: "16. A device of the class described, comprising a bundle of tubes, said bundle being rectangular in cross-section, tube plates through which the ends of said tubes extend, one or more spaced intermediate support plates through which said tubes extend, covers secured to said tube plates forming headers, one having an inlet and the other having an outlet port, said inlet port adapted to be operatively connected to an air blower and the other port adapted to be operatively connected to the inlet of an internal combustion engine, plates secured to opposite side edges of said intermediate and tube plates and cooperating therewith to form relatively short air ducts through which the tubes extend, and said ducts adapted to have an air blast forced therethrough."

The references relied upon are: Lovekin, 1,139,547, May 18, 1915; Bennett, 1,618,797, Feb. 22, 1927; Rogers, 2,164,545, July 4, 1939.

Appellant's device compromises a bundle of tubes which are so arranged that the air caused by the movement of the plane will be forced over them. The novelty of appellant's cooling system rests principally in providing an intermediate supporting member which appellant states, co-operates with other plates in the device "to form short separate air ducts of sufficient strength and length of tube exposure to withstand very high erratic frontal air pressure and extreme operating temperatures."

The examiner in rejecting the claims as unpatentable over Rogers in view of either Bennett or Lovekin, stated in part (reference numerals omitted): "If Rogers provides the tubes with intermediate support members, he has omitted to show them, but they are a well known expedient in the heat exchange art and are shown in Bennett and in Lovekin, so that it would not be invention to provide them in Rogers. Bennett shows a tube nest through which one fluid flows transversely, combined with an intermediate support which consists of

bars secured to the side plates defining the transverse duct, and circular ferrules through which the tubes pass. [Certain] members * * * form effectively a support plate, and an apertured solid plate would involve no invention thereover. Further, Lovekin shows a solid apertured plate * * * of which one or more may be provided in fixed position * * * the intermediate support plate is clearly shown in position to support the tubes against vibration due to impinging steam, weight of the tubes, or other causes."

The Board of Appeals, in affirming the decision of the examiner rejecting said claims, discussed the references and among other things said (reference characters omitted):

"The claims are in quite broad terms merely comprising the elements above noted. The patents to Bennett and Lovekin disclose structures substantially satising the terms of the claims in that a like group of tubes extends between headers and with surrounding and support plates in like relation, particularly in Bennett where the device is open on two sides for the passage of fluid transversely of the tubes in order to exchange heat with fluid in the tubes. In Lovekin substantially the same effect is secured except that the tubes are not laterally exposed to the atmosphere but enclosed in a chamber through which one fluid is circulated transversely of the tubes but with a like intermediate support plate * * *. The examiner has given consideration to the intended use of the device as on an airplane although this is not definitely required by the claims and the patent to Rogers has been cited to show the same combination in an airplane in [the] supercharger, heat exchanger and conduit leading to the carburetor. Rogers apparently satisfies the claims except for the lack of intermediate support plates but, as above discussed, this feature is shown in analogous relation in Lovekin and Bennett.

"After careful consideration, it is our view that invention is not involved in the rather broad assertion of these known features where each may produce its intended function and without new or unobvious result. We do not overlook and give due weight to the contention that applicant placed the support plates intermediate the headers for the purpose of preventing vibration of the tubes where exposed to a strong blast of air due to the speed of an airplane. We believe, however, that the function of the support plate is the same in Lovekin and Bennett in preventing movement of the tubes and therefore shown in equivalent relation. Considered as a mechanical construction, it is our view that invention is not involved in the combination defined by the appealed claims over the state of the art."

Lovekin shows a surface condenser. The tubes are supported by end plates. He also shows spacer bars which he calls "an intermediate condenser tube supporting arrangement."

Bennett's heat exchange apparatus also shows tubes supported at their ends. His specification states (omitting reference numerals): "The tubes are supported substantially midway between the tube sheets by a supporting member having openings of substantially the same size as the outside dimensions of the fins."

We have considered all of appellant's arguments but agree with the tribunals below that with the exception of the middle supporting plate above referred to, Rogers substantially meets the claims. His cooling system is used on airplanes. There is no intermediate supporting plate for the tubes in his radiator.

We agree with the tribunals below that it would not amount to invention, in view of the suggestion in the prior art references to do what appellant has done. Appellant may have made an improvement over the prior art in providing a better and more stable air cooler for an airplane where vibration takes place, but we do not think he has done anything more than would be obvious to a skilled mechanic.

Appellant, before the examiner, filed affidavits relating to his alleged invention, and from the statement of the examiner and from appellant's brief it seems that said affidavits related to the "highly successful" nature of the device and to the fact that others were using the same. There are no such affidavits included in the present record, but if there were, the fact that others were using the device would have little, if any, bearing, and the fact that appellant's alleged invention was proving satisfactory would only have bearing in case of doubt. We have no doubt concerning the instant issue.

The decision of the Board of Appeals is affirmed.

Affirmed.